IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thomas Lee Pelzer, #311633, | ) | |
| | ) | C.A. No. 2:09-2274-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Jon Ozmint; M. Bodison; Ms. Rembert; and | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Thomas Lee Pelzer, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on August 27, 2009 against Jon Ozmint, Director of the South Carolina Department of Corrections (SCDC); M. Bodison ("Bodison"), Warden of Lieber Correctional Institution ("Lieber"); Ms. Rember, a caseworker for SCDC, and Leroy Cartledge, Warden of McCormick Correctional Institution ("McCormick"). Plaintiff is currently housed at Perry Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On September 14, 2009, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be summarily dismissed without issuance and without service and process. On October 1, 2009, Plaintiff filed objections to the Report and Recommendation.

## BACKGROUND

In his complaint, Plaintiff alleges that his due process rights under the Fifth and Fourteenth Amendments were violated when he was improperly placed in security detention and was not allowed visitors. Plaintiff also contends that SCDC officials transferred him from Lieber to

McCormick to moot his internal grievances. Plaintiff contends that after he was transferred to McCormick, he was improperly placed in security detention as opposed to the general population. Plaintiff also alleges violations of his Eighth Amendment rights due to deliberate indifference by Defendants. Plaintiff contends that he has attempted to resolve his complaints using internal grievance procedures, but to no avail. Plaintiff seeks monetary damages.

## DISCUSSION

The Magistrate Judge issued a Report and Recommendation in which he recommended that this case be dismissed for failure to state a claim under 42 U.S.C. § 1983 because visitation and classification status do not implicate constitutional rights. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objections, Plaintiff contends that his right to due process was violated because Bodison decided to have him transferred to McCormick and placed in the general population, but he was instead placed in security detention. The court disagrees.

Prisoners have no right under the Constitution to be held in a particular custody status. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Hewitt v. Helms*, 459 U.S. 460, 468, (1983);

*O'Bar v. Pinion,*, 953 F.2d 74 (4th Cir. 1991). Prison officials have "broad administrative discretion in the management of the confinement of inmates, and no liberty interest is implicated so long as the 'conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and does not otherwise violate the Constitution. . . .'" *O'Bar*, 953 F.2d at 83 (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). Changes in a prisoner's location or conditions of confinement such as administrative segregation are contemplated within the scope of a prisoner's original sentence and do not themselves violate the Constitution. *Id.* (citing *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991)).

Plaintiff makes no other objections to the Report and Recommendation. Nevertheless, the court has reviewed *de novo* the issues presented and concludes that the Magistrate Judge properly applied the applicable law. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's claim that he was transferred to moot his grievances was not addressed by the Magistrate Judge. This allegation, however, cannot prevent summary dismissal. Bare assertions of retaliation do not establish constitutional claims. *See Adams v. Rice*, 40 F.3d 72 (4th Cir.1994), *cert. denied*, 514 U.S. 1022 (1995). To state a claim for retaliation, a prisoner must show that the alleged retaliation had an adverse impact on the exercise of a constitutional right. *Id.* at 75. Access to grievance procedures is not a constitutionally protected right. *Id.* Because Plaintiff has not been deprived of a cognizable constitutional right, Plaintiff's retaliation claim fails.

## CONCLUSION

Based upon the foregoing, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

May 18, 2010
Columbia, South Carolina